# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous, Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

May 5, 2023

<u>VIA ECF</u>

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 21319

Re:   *Anne Arundel County, Maryland v. BP P.L.C., et al.*, and *City of Annapolis, Maryland v. BP P.L.C., et al.*, Case Nos. 22-2082 and 22-2101
Defendants-Appellants' Response to Plaintiffs-Appellees' Notice of Supplemental Authority

Dear Ms. Connor:

Defendants-Appellants respectfully respond to Plaintiffs-Appellees' notice of supplemental authority regarding the Supreme Court's denial of petitions for writs of certiorari in *BP P.L.C. v. Mayor & City Council of Baltimore*, No. 22-361, and other cases.

Although the Supreme Court declined to review this Court's decision in *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178 (4th Cir. 2022) ("*Baltimore IV*"), removal in the cases here remains proper, for multiple reasons.

*First*, Defendants have offered additional evidence and arguments as to why removal is appropriate under the federal officer removal statute—evidence and arguments not presented to, or considered by, this Court in *Baltimore IV*. Defendants have presented a much more extensive evidentiary record than the one before the Court in *Baltimore IV*, demonstrating that Defendants' acts under the direction of federal officers were substantial and pervasive, and curing any purported evidentiary deficiencies initially identified by the Court in that case. For example, Defendants have provided evidence that they produced large amounts of specialized, noncommercial grade fuels for the U.S. military, which must meet detailed specifications, to fulfill unique military needs. *See* OB.16-18, 32-54.

Defendants have also advanced a legal argument not confronted by this Court in *Baltimore IV*—namely, that in conducting the "relatedness" inquiry under the federal officer removal statute, courts must consider the plaintiff's theory of *injury*, not simply the plaintiff's theory of *liability*. And, here, Plaintiffs allege they suffered injuries stemming from global

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

Patricia S. Connor
May 5, 2023
Page 2

climate change resulting from the production and sale of fossil fuels, a substantial portion of which was undertaken at the direction of federal officers. *See* OB.19-28.

*Second*, even if Plaintiffs' claims were premised solely on alleged misrepresentations, removal would be proper under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), because Plaintiffs' claims necessarily incorporate federal elements imposed by the First Amendment. *See* OB.60-67. Again, *Baltimore IV* did not consider this argument.

These additional arguments and evidence provide ample, independent grounds for removal, notwithstanding *Baltimore IV* and the denial of certiorari. Accordingly, the Court should reverse the district court's remand order.

Sincerely,

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
*Counsel for Defendants-Appellants*
*Chevron Corporation and Chevron U.S.A.*

cc: All counsel of record (via ECF)